1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  ARTHUR RAY DEERE, SR, CDCR #F-94040,<br>12<br>13                    Plaintiff,<br>14<br>15                      vs.<br>16<br>17  EDMUND G. BROWN, Governor of California; MATTHEW CATES, Secretary of California Dep't of Corrections and Rehabilitation; BRIAN OLIVER, CEO of Global Tell Link;<br>19<br>20                    Defendants.<br>21 | Civil No.     11cv1579 WQH (JMA)<br><br>**ORDER  DISMISSING SECOND AMENDED  COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

22

23

## I.

### PROCEDURAL HISTORY

On July 15, 2011, Arthur Ray Deere, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983.  Additionally, Plaintiff filed  a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  On August 15, 2011, this

Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted.  *See* Aug. 15, 2011 Order at 6-7. Plaintiff was granted forty five (45) days leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.* at 7.  On February 23, 2012, well after the deadline to submit an Amended Complaint passed, Plaintiff submitted his First Amended Complaint which the Court permitted to be filed.  On April 12, 2012, the Court once again screened his First Amended Complaint and found that he failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See* Apr. 12, 2012 Order at 4.  Plaintiff was again granted leave to file an Amended Complaint.  On July 12, 2012, Plaintiff filed his Second Amended Complaint ("SAC").

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Orders, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

1   process is made on the opposing parties").

2         "[W]hen determining whether a complaint states a claim, a court must accept as true all

3   allegations of material fact and must construe those facts in the light most favorable to the

4   plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

5   (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

6   *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

7   pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

8   which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

9   (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

10   court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

11   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

12         Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

13   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

14   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

15   United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122

16   (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

17         Plaintiff alleges that the phone provider for the prison, "Global Tel," is violating his

18   constitutional rights by requiring family members to use "Global Tel" as their telephone provider

19   or provide a prepaid amount to be used towards the cost of collect calls made by Plaintiff.  (SAC

20   at 3.).  "Although prisoners have a First Amendment right to telephone access, this right is

21   subject to reasonable limitations arising from the legitimate penological and administrative

22   interests of the prison system." *Johnson v. State of California,* 207 F.3d 650, 656 (9th Cir. 2000)

23   (citation omitted.)  Plaintiff claims that the billing practices of "Global Tel" is "extortion."  (SAC

24   at 3.)  As the Court stated in *Johnson*, "there is no authority for the proposition that prisoners are

25   entitled to a specific rate for their telephone calls." *Id.*   Accordingly, the Court dismisses

26   Plaintiff's First Amendment allegations for failing to state a claim upon which relief may be

27   granted.

28   / / /

1     In addition, Plaintiff alleges that his right to equal protection under the laws has been violated by these billing practices. The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). In this matter, Plaintiff has not sufficiently plead that he is a member of a protected class nor has he plead any facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Moreover, Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). It appears that the billing practice of which Plaintiff complains, applies to all inmates regardless of their membership in a protected class. Therefore, the Court dismisses Plaintiff's Fourteenth Amendment equal protection claims for failing to state a claim upon which relief may be granted.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [ECF No. 14] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). The Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and

1 | cannot, state a claim containing an arguable basis in law, this action should be dismissed without

2 | leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907

3 | (9th Cir. 1996)).

4 | The Clerk of Court shall close the file.

5 | **IT IS SO ORDERED.**

6 | DATED:  October 3, 2012

7 |

8 | **WILLIAM Q. HAYES**
United States District Judge

5